IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **RUSSELL THOMPSON, et al.,**<br>        Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. 7:22-CV-014-O |
| **TEXAS DEPARTMENT OF**<br>**PUBLIC SAFETY, et al.,**<br>        Defendants. | § § § § | |

### TEXAS DEPARTMENT OF PUBLIC SAFETY'S MOTION TO QUASH

#### I.   BACKGROUND

This lawsuit seeks redress for alleged constitutional violations by Texas State Troopers arising from a traffic stop on September 23, 2020. D.E. 1. The Texas Department of Public Safety ("DPS") was originally a party to this suit, but after filing its Motion to Dismiss asserting sovereign immunity the Plaintiffs amended their complaint removing DPS as a defendant. D.E. 12. DPS is now a third-party to this claim.

#### II.   MOTION TO QUASH

DPS, asserting its sovereign immunity, moves to quash the third-party subpoenas served upon it by Plaintiffs.

The Eleventh Amendment, the Constitution's affirmation of the fundamental principle of sovereign immunity, has long been recognized as a jurisdictional bar to private suits brought in federal court against states and their subdivisions. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). States and their subdivisions may only be sued where there is unequivocally expressed consent, or where Congress has validly abrogated sovereign immunity by unequivocal expression of intent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1982); *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). It is well-settled that DPS, as an arm of the State, enjoys sovereign immunity. *Ingram v. Tex. Dept. of Pub. Safety*, Civ. Action No. 3:01-CV-1944-K, 2003

WL 292165, *2 (N.D. Feb. 6, 2003).

DPS retains is sovereign immunity, regardless of whether or not it is a party to this suit. In *Russell v. Jones*, the Fifth Circuit held sovereign immunity bars third-party subpoenas like those at issue here. 49 F.4th 507 (5th Cir. 2022). In *Russell*, the plaintiffs dismissed claims against Harris County state district felony judges after the Fifth Circuit determined that sovereign immunity applies to them. *Id.* at 510-11. After dismissing claims against the state district felony judges, plaintiffs served the same judges with third-party subpoenas. *Id.* at 511.

The Fifth Circuit determined "the indignity that sovereign immunity was designed to prevent may arise either when the state is a defendant or when its sovereign prerogatives are subjected to individuals through coercive judicial process." *Id.* at 514. Subpoenas duces tecum are a coercive judicial process. *Id.* at 515. By compelling a state to produce its papers, a subpoena duces tecum subjects a sovereign to the coercive process of judicial tribunals at the instance of private parties. *Id.* Compelling compliance with a subpoena duces tecum violates the "inviolable sovereignty" retained by the states through the Constitution. *Id.* Sovereign immunity applies to state agencies as third parties, not just defendants, and where it applies, it applies totally. *Id.* Simply put, DPS, as an arm of the state, is shielded from being haled into court and forced to produce its papers.

This is not a new concept. In 1868, the Supreme Court said "[states] cannot be subjected to *legal proceedings* at law or in equity without their consent and whoever institutes such proceedings must bring his case within the authority of some act of Congress." *The Siren*, 74 U.S. 152, 154 (1868) (emphasis added).

The State of Texas has not consented to suit against itself or its subdivisions in federal court, nor has Congress abrogated Texas and its state agencies' sovereign immunity in any way applicable to Plaintiffs' claims.  Accordingly, Plaintiffs' third-party subpoenas deuces tecum to DPS must be quashed because sovereign immunity bars the requested third party discovery.

### III.   PRAYER

DPS requests this Honorable Court quash the subpoenas served upon it by Plaintiffs.

                      Respectfully submitted,

                      **KEN PAXTON**
                      Attorney General

                      **BRENT WEBSTER**
                      First Assistant Attorney General

                      **GRANT DORFMAN**
                      Deputy First Assistant Attorney General

                      **JAMES LLOYD**
                      Deputy Attorney General for Civil Litigation

                      **SHANNA E. MOLINARE**
                      Assistant Attorney General
                      Chief, Law Enforcement Defense Division

                      */s/ TROY MOYER*
                      **TROY MOYER**
                      Assistant Attorney General
                      State Bar No. 24135530

                      P.O. Box 12548, Capitol Station
                      Austin, Texas 78711
                      (512) 463-2080 (Phone No.)
                      (512) 370-9314 (Fax No.)

                      **ATTORNEYS FOR DPS**

## **CERTIFICATE OF SERVICE**

I, **TROY MOYER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the foregoing has been served on all parties via electronic servicing on this 23rd day of October, 2023.

/s/ *Troy Moyer*
**TROY MOYER**
Assistant Attorney General