IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RUSSELL THOMPSON AND DEMETRIUS MCCHESTER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:22-cv-00014-O |
| TROOPER WILL RICHTER, et al., | § § § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Texas Department of Public Safety's ("DPS") Motion to Quash (ECF No. 40), filed October 23, 2023, and Plaintiffs' Response (ECF No. 46), filed October 25, 2023. For the reasons contained herein, the Motion is hereby **GRANTED.**

### I.     Factual Background

Russel Thompson and Demetrius McChester ("Plaintiffs") filed a section 1983 civil rights lawsuit alleging that Texas State Troopers Will Richter and Mark Strange ("Defendants") violated Plaintiffs' constitutional rights. DPS was originally a party to this suit, but Plaintiffs removed DPS as a defendant in their Amended Complaint.[1] Plaintiffs served *subpoenas duces tecum* on DPS, pursuant to Federal Rule of Civil Procedure 45, in an effort to obtain evidence regarding Defendants' anticipated defense of qualified immunity and demonstrate that Defendants' conduct was obviously wrong. In response, DPS filed the Motion to Quash Plaintiffs' third-party subpoenas, which is now ripe for review.[2]

---

[1] Am. Compl. ECF No. 12.
[2] Mot. to Quash, ECF No. 40; Pls.' Resp. ECF No. 46.

1

## II.     Legal Standard

The target of a Rule 45 subpoena can file a motion to quash or modify the subpoena. Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). On a motion asserting undue burden, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) (internal quotation marks omitted).

## III.     Analysis

DPS moves to quash Plaintiffs' third-party subpoenas because sovereign immunity bars the requested discovery.[3] Plaintiffs argue that (1) DPS waived sovereign immunity by responding to previous discovery request; (2) that the broad sovereign immunity protection outlined in *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022) only applies to third-party agency officials, and (3) the holdings of *Russell* do not extend to violations of Constitutional rights.[4]

The doctrine of state sovereign immunity "partially embodied in the Eleventh Amendment is commonly distilled to the proposition that individuals may not sue a state-either in its own courts, courts of other states, or federal courts-without the state's consent." *See Russell*, 49 F.4th at 512. "[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where

---

[3] Mot. to Quash, 2, ECF No. 40.
[4] Pls.' Resp. 2–4, ECF No. 46.

sovereign immunity applies, it applies totally." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, (1985)).

As an agency of Texas, DPS enjoys immunity from suit, including Plaintiffs' third-party subpoenas. Plaintiffs argue that sovereign immunity, as outline in *Russell*, only applies to agents of the state, not the agencies themselves, and does not apply to violations of Constitutional rights. But "the very object and purpose of the eleventh amendment were to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Ex parte Ayers*, 123 U.S. 443, 505 (1887). In *Russell*, the Fifth Circuit stated that "compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the 'coercive process of judicial tribunals at the instance of private parties.'" *Russell*, 49 F.4th at 515 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996).

Applying these principles, the Court finds that compelling DPS compliance with the third-party subpoenas violates sovereign immunity. DPS is clearly an arm of the State of Texas, and the third-party subpoenas are the exact type of coercive judicial process that the Supreme Court and the Fifth Circuit envision being protected by sovereign immunity.

Additionally, the Court finds DPS did not waive sovereign immunity when it previously produced documents. "A state's waiver of immunity must be unequivocal." *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). DPS's previous production of documents does not unequivocally demonstrate an intent to waive sovereign immunity. *Adams v. Texas Comm'n on Env't Quality*, No. A-06-CA-281-SS, 2007 U.S. Dist. LEXIS 117432, 2007 WL 9701381, at *1 (W.D. Tex. May 29, 2007) (no waiver despite a state entity "participating in discovery, depositions, and other pretrial matters"); *TexasLDPC, Inc. v. Broadcom, Inc.*, No. MC 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (no waiver despite state entity producing documents and

3

sending representative to give a deposition). Accordingly, DPS can assert immunity over Plaintiffs' third-party subpoenas.

### IV.   Conclusion

For the reasons stated above, DPS's Motion to Quash is **GRANTED.** In light of this ruling, Plaintiffs' Motion to Amend the Scheduling Order (ECF No. 47), filed November 14, 2023, is **DENIED.**

**SO ORDERED** on this **17th day** of **November, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE